## Austin Estate

*Paul C. Heintz,* accountants.

TAXIS, *S.J.,* October 21, 1987 — The first and interim account of Fidelity Bank, National Association (formerly Fidelity-Philadelphia Trust Co., successor by merger of Philadelphia Trust Co. and Fidelity Trust Co. of Philadelphia), and Lucylle Austin Hepburn, trustees of the trust established under deed of Lucylle Austin (now Hepburn), dated February 2, 1926, was examined and audited by the court on October 7, 1987.

The reason for the filing of the present account is to afford the settlor, Lucylle Austin Hepburn, an opportunity to petition for modification of the terms of the trust indenture. The trust continues.

The account shows a balance of principal and income of $155,191.68, principal was revalued on September 19, 1987 in the sum of $207,000, composed of the securities set forth on page 45 of the account, and cash.

The present corpus is not subject to transfer inheritance tax because the settlor is still living.

All parties having or claiming any interest in the trust, of whom the accountants have notice or knowledge, are stated to have received written no-

tice of the audit in conformity with the rules of court.

Settlor executed an irrevocable trust indenture dated February 2, 1926, naming herself and Philadelphia Trust Company, a predecessor to Fidelity Bank, National Association, as trustee.

By the fifth paragraph of the indenture, settlor directed that she should receive the net income of the trust for her lifetime. By the seventh paragraph of the indenture, settlor reserved a right to withdraw principal to the extent of $30,000 to purchase a home. By the eighth paragraph of the indenture, settlor reserved an additional right to withdraw principal after attaining her 60th birthday to the extent that the principal is not reduced to less than 25 percent of the amount of the principal held in trust on settlor's 60th birthday. Finally, the sixth paragraph gives settlor a general power to appoint the remaining principal as she shall direct by will, and in default of the exercise of the power of appointment, the principal passes to settlor's descendants and, in default of descendants, the principal passes to those who would be entitled to take under the intestate laws of Pennsylvania.

Settlor has exercised her right to withdraw principal for a home and has exhausted her right to withdraw after attaining age 60.

At the time of audit a petition for modification was filed and the matter continued to a hearing on October 7, 1987, at which time an officer of the bank, Cecelia M. Lumsden, trust administrator of the trust for Fidelity Bank, and Philip N. Hepburn, husband of the settlor, appeared and testified in support of the petition for modification of the trust. In short, the testimony establishes that Mrs. Hepburn has three sources of income, but despite this income, there is approximtely a shortfall of income in the

sum of approximately $50,000 which is required to take care of her needs in the Clara Burke Nursing Home.

The court is satisfied that the testimony supports the request that the trust be modified, and by a decree signed contemporaneously with this adjudication the trust is modified to authorize the trustee, Fidelity Bank, National Association, and its successors, to make such principal distributions as it in its absolute discretion deems necessary for settlor's health, maintenance, support and welfare, after taking into consideration all other resources available to the settlor.

Without considering federal, state or local income taxes which might be done on Mrs. Hepburn's behalf and any principal or income commissions due the bank, Mrs. Hepburn incurs annual medical and life-sustaining expenses of $79,000, comprising a nursing home charge of $33,000, private duty nurse charge of $43,000, and miscellaneous medical expenses of $3,000. Mrs. Hepburn's annual income of approximately $27,400, comprising $11,000 from this trust, $11,000 from the Lucylle Fleming Trust, and $5,400 in social security benefits, combined with her remaining securities valued at approximately $30,000, and cash or cash equivalents valued at approximately $2,000, are insufficient to meet these annual medically related expenses. The bank has filed the petition for reformation of the trust indenture to attempt to assure that sufficient funds will be available to Mrs. Hepburn to meet her medical and life sustaining needs.

Restatement (Second) of Trusts, §338 (1) (1935) and comment (a) thereto enunciate the general equitable principal that a settlor can compel the termination or modification of a trust of such settlor where all of the beneficiaries consent and none of

them is under an incapacity, even though the purposes of the trust have not been accomplished or the trust is irrevocable. Pennsylvania courts have adopted and applied this rule with the courts employing two rationales for approving the reformation: the consent of the beneficiaries to the reformation and the implementation of settlor's intent through the reformation. See *Raiziss Trust,* 28 Fiduc. Rep. 551; *Pew v. Pew,* 69 Montg. L.Rep. 335; *Knapp Trust,* 3 Fiduc. Rep. 2d 238.

This matter also presents the question whether in reforming this trust, the court must consider whether Mrs. Hepburn's spouse has any duty to support her regardless of the possible availability of her own assets. No appellate cases address this question; however, two lower court decisions take slightly different positions on this issue.

In *Albert Einstein Medical Center v. Nathans,* 27 Fiduc. Rep. 561, the court reviewed the constitutionality of the Pennsylvania Equal Rights Amendment. The court concluded that it was beyond the court's power to construct new common law in the place of the Equal Rights Amendment were it declared unconstitutional and the result was that neither the husband nor the wife owned any legal duty of support to the other spouse as a result of the marital relationship.

In *Park Avenue Hospital v. Klees,* 20 D.&C.3d 124 (1981), the court reconsidered the reasoning enunciated in the *Nathans* decision and concluded that it is within the court's power, in an appropriate case, to extend the burdens or benefits of a common-law doctrine invalidated by the Pennsylvania Equal Rights Amendment in order to conform the doctrine to the constitutional requirements. Applying that reasoning, the court concluded that each

spouse is primarily responsible for necessaries furnished himself or herself and then is secondarily responsible for necessaries furnished to his or her spouse. A more recent decision, *Hamot Medical Center v. Fink,* 6 Fiduc. Rep. 2d 302, follows the *Park Avenue Hospital* reasoning.

The *Nathans* and *Park Avenue Hospital* decisions suggest that, at a minimum, Mrs. Hepburn must first assume the primary responsibility for meeting the expenses of her own medical needs before the court considers her spouse's possible responsibility to satisfy these primary needs. In applying the *Park Avenue Hospital* decision, this court considered Mrs. Hepburn's ability to meet her needs from her own assets before imposing a primary duty of support on Mrs. Hepburn's spouse. The trust assets are available to Mrs. Hepburn and should be expended to meet her needs before imposing the financial liability on Mr. Hepburn.

Subject to the views expressed in this adjudication and to the distributions heretofore properly made, the net ascertained balances of principal and income are awarded as set forth under the last paragraph of the petition for adjudication.

Power and authority are given the accountants to make the necessary assignments and transfers of the unconverted investment securities herein awarded in kind.

The account is confirmed, and it is hereby ordered and decreed that Fidelity Bank, National Association, and Lucylle Austin Hepburn, trustees as aforesaid, forthwith pay the distributions herein awarded.

And now, October 21, 1987, the adjudication is confirmed nisi.